**INTERNATIONAL PRISONERS' UNION**

v.

**Frank RIZZO, Mayor of Philadelphia, et al.**

**Civ. A. No. 72–538.**

United States District Court, E. D. Pennsylvania.

April 2, 1973.

Robert J. McKee, Student Counsel, Prison Project, Temple University School of Law, Professor Martin Vinikoor, Professor of Law, Philadelphia, Pa., for plaintiff.

John Mattioni, Deputy City Solicitor, S. Jay Sklar, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

MASTERSON, District Judge.

The International Prisoners' Union is an unincorporated association whose membership consists of inmates confined within the Philadelphia Prison System.[1] The named defendants include the Mayor of Philadelphia, the Superintendent of the Philadelphia County Prison System and the wardens of the Holmesburg penal institution.

Plaintiffs' complaint alleges violations of protected rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution and raises claims under Sections 1983, 1985 and 1986 of 42 United States Code. Specifically, the allegations relate to numerous inadequacies with respect to the physical conditions of the prison,[2] and to improper disciplinary procedures and punishments.[3] These allegations are coupled with a plea for injunctive and declaratory relief and a demand for compensatory and punitive damages.

Before this action was commenced, a Complaint in Equity was filed in the Court of Common Pleas of the County of Philadelphia, Jackson, et al. v. Hendrick, et al., February Term 1971, No. 71–2437 (hereinafter referred to as Jackson). The Jackson case was brought as a class action[4] on behalf of prisoners incarcerated in Philadelphia County prisons, raised substantially the same allegations as the instant case and requested the same relief with the exception that no monetary damages were sought in that earlier action.

After notice to members of the class, a five week trial was held and upon its conclusion, the court (Spaeth, Smith, Williams, JJ.) issued a 264 page opinion in which it found numerous violations of United States constitutional rights and Pennsylvania statutes.

Defendants in the instant case have filed a motion to dismiss stating that plaintiffs have failed to state a claim for relief, that they are members of the class in the previously tried action and are bound by the decision rendered therein, their claim is barred by res judicata or collateral estoppel, the action is barred by a prior pending action brought by the same plaintiffs on the same subject matter and that the monetary claim for relief raised here is not within the jurisdiction of the federal courts.

We must determine whether or not plaintiffs are members of the class denominated in Jackson. If so, we must decide whether plaintiffs are thereby precluded from maintaining in the federal courts any or all of the claims raised in the state court proceeding, including those claims which could have been but were not litigated.

## OPINION

With respect to whether plaintiffs' complaint states a claim upon which relief can be granted, it is well settled that the federal courts may entertain claims involving the restriction of a prisoner's constitutional rights by prison officials. See, e. g., Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718

1. This action is brought pursuant to Rule 23 F.R.Civ.P. on behalf of all prisoners presently confined in Philadelphia County Prisons at Holmesburg, House of Corrections and the County Detention Center. The named plaintiffs are Donald Dowd, Alvin Joyner, William Russell and Richard O. J. Mayberry. These four men are members of the International Prisoners' Union and were confined at Holmesburg when their complaint was filed.

2. It is averred that plaintiffs are denied adequate medical treatment, outdoor exercise and cell space. Moreover, lack of proper heat, light and ventilation, vermin and rodent infestation, restricted visitation privileges, and inadequate dietary facilities are attacked.

3. Plaintiffs allege that they are subjected to unreasonable censorship of mail, restricted reading privileges, brutality and neglect.

4. The Jackson complaint was certified as a class action by a panel of three Common Pleas Court Judges (Spaeth, Smith, Nix, JJ.) on September 10, 1971.

(1969); Wilson v. Prasse, 463 F.2d 109 (3d Cir., 1972); Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1971); Brown v. Peyton, 437 F.2d 1228 (4th Cir. 1971); Landman v. Royster, 333 F.Supp. 621 (E.D.Va.1971). See also our discussion in United States ex rel. Neal v. Wolfe, 346 F.Supp. 569 (E.D.Pa.1972).

■ Defendants maintain that plaintiffs are members of the class denominated in *Jackson* and because they have already had a full blown trial on the merits, they should not be permitted to have a "second bite out of the apple." We hold that plaintiffs are members of the *Jackson* class action and are precluded from raising any claim in the instant case which was or could have been raised in the previously tried case.

Plaintiffs contend that they are not members of the class denominated in *Jackson* because of inadequate representation and inadequate notice. We find no merit in plaintiffs' contention. Adequate representation, as a prerequisite for a class action under the Pennsylvania and Federal Rules,[5] requires that "the representative party must be interested enough to be a forceful advocate . . . and . . . the representative party must have interests which are compatible with . . . those whom he would represent." Shulman v. Ritzenberg, 47 F.R.D. 202, 207 (D.C.1969).

■ Plaintiffs maintain that although there is no question as to the competency of counsel in the *Jackson* case, because of the absence of a damage claim in that action, a lack of community of interests exists between the *Jackson* plaintiffs and the litigants in the instant case. This contention ignores the fact that the declaratory and injunctive relief sought in both actions is virtually identical. Plaintiffs in both actions are prisoners incarcerated in Philadelphia penal institutions, are exposed to the same allegedly unconstitutional living conditions and have experienced the same deprivations of federally protected rights. These allegations, which are common to both complaints, constitute a community of interest between the plaintiffs in both civil actions. The lack of a damage claim in *Jackson* has de minimis impact upon the representation issue.

■ It is also argued that plaintiffs herein are not bound by the result in *Jackson* because of lack of adequate notice. Upon a review of the opinion of the Court of Common Pleas, confirming the class action,[6] and an examination of the notice drafted by that Court so as to insure protection of the members of the class, we are persuaded that both the content and manner of posting notice comported with the requirements of the Fourteenth Amendment. See Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Plaintiffs contend that even if we reach an adverse result with respect to the adequacy of representation and notice in *Jackson,* they may still maintain in this court all their claims which were or could have been raised in the state courts. We disagree.

The *Jackson* plaintiffs brought their suit before a state court of equity and sought declaratory and injunctive relief. The Court of Common Pleas determined that as a court of equity it could protect not merely property rights, but personal rights as well. The court grounded its jurisdiction upon the Civil Rights Act, 42 U.S.C. § 1983 (1964); Jackson et al, v. Hendrick, et al., February Term 1971, No. 71–2437, at 170, and upon finding violations of federally protected rights issued a Decree Nisi in which it retained jurisdiction of the parties and the cause of action and ordered the appointment of a Master, who with the litigants would seek to correct existing deficiencies.

---

5. Pa.R.Civ.Proc. 2230(a), 12 P.S.Appendix; Rule 23(a)(4) F.R.Civ.P.

6. Jackson et al. v. Hendrick, et al., February Term, 1971, No. 71–2437 (September 10, 1971).

■ We observe, as did the Court of Common Pleas, that a state court could not refuse to enforce a claim under the Civil Rights Act because state court judges are bound by federal law when applicable. See Testa v. Katt, 330 U.S. 386, 393, 67 S.Ct. 810, 91 L.Ed. 967 (1947); U.S.Const. Art. VI, Cl. 2. Although state courts have rarely exercised jurisdiction over Section 1983 claims, they are not precluded from doing so wherever exclusive jurisdiction is neither expressly or impliedly granted to the federal courts. See Claflin v. Houseman, 93 U.S. 130, 136, 23 L.Ed. 833 (1876). Here the state court assumed Section 1983 jurisdiction and granted relief under it.

■ The relief available under Section 1983 is extensive and varied. A plaintiff is entitled to recover damages if he can prove that the conduct was performed under color of state law and denied him his constitutional rights. See, e. g., Marshall v. Sawyer, 301 F.2d 639 (9th Cir. 1962). Nominal damages are available regardless of whether actual damages have been proved. See, e. g., Washington v. Official Court Stenographer, 251 F.Supp. 945 (E.D.Pa.1966). Moreover, injunctive relief is available under Section 1983. Plaintiff is entitled, of course, to declaratory or other such relief as is appropriate. Pursuant to its Section 1983 jurisdiction, the Court of Common Pleas was empowered to grant any appropriate relief under the statute.

■ With respect to plaintiffs' demands for declaratory and injunctive relief, the Court of Common Pleas granted such relief in the state court proceeding. Clearly, under principles of res judicata and in the interests of judicial efficiency and the need to protect defendants from harassment, we must preclude a second suit arising out of the same facts and seeking the same relief.

■ It is clear that a damage claim could have been raised and adjudicated in the state court. Failure to raise it in that forum and thereafter asserting it in an action arising out of the same facts constitutes a splitting of a cause of action. "The doctrine of res judicata . . . prevents 'splitting of a cause of action' and requires all grounds upon which a single claim is based to be asserted and concluded in one action, on pain of being barred from a separate suit." Wright, Law of Federal Courts, § 78, at 343. See also McConnell v. Travelers Indemnity Company, 346 F.2d 219, 222 (5th Cir. 1965). A plaintiff must recover all damages arising from given operative facts in a single action when the first forum has the ability to give the relief sought in the second forum. See Cream Top Creamery v. Dean Milk Co., 383 F.2d 358, 363 (6 Cir. 1967); International Railways of Central America v. United Fruit Co., 254 F.Supp. 233 (S.D.N.Y. 1966), aff'd in part and rev'd in part, 373 F.2d 408 (2d Cir. 1967).

■ The result would be the same even if the state court has not assumed jurisdiction under Section 1983, provided, of course, that the state court could have awarded all the relief available under the federal statute. A Pennsylvania court of equity is empowered to award complete relief, including damages, once equitable jurisdiction attaches. See Wortex Mills, Inc. v. Textile Workers Union of America, 380 Pa. 3, 11, 109 A.2d 815 (1943) and cases cited therein.

In view of our holding that plaintiffs may not maintain any or all of the claims in this court which were or could have been raised in the state court, we need not reach the issue whether or not plaintiffs' monetary claim is within the jurisdiction of the federal courts.