The DELLS, INC., Plaintiff,

v.

Paul F. MUNDT et al., Defendants.

No. 75 Civ. 740.

United States District Court,
S. D. New York.

Sept. 4, 1975.

---

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff; John D. Feerick, Kurt Koegler, Stanley A. Teitler, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Town of Clarkstown, George Gerber, John Maloney, Anthony D'Antoni, John Lodico and Vincent Pizzutello; Edward N. Costikyan, Jonathan H. Sinnreich, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendants Town of Clarkstown, Gerber, Maloney, D'Antoni, Lodico and Pizzutello for an order dismissing the complaint (actually the amended complaint) for failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)) and for lack of jurisdiction over the subject matter (Fed.R.Civ.P. 12(b)(1)).

Plaintiff The Dells, Inc. is a New York corporation which, since about 1949, has owned several hundred acres of land in New City, Town of Clarkstown, County of Rockland, New York.

The area of the Town in which the land of plaintiff is located is not part of any incorporated village and seems properly to be described as a "hamlet", an area of a town which is built up but not part of an incorporated village.

Defendant Town of Clarkstown (the Town) is an incorporated town in Rockland County.

Defendants Mundt and Vines were each, at different times, Supervisor of the Town.

Defendant Roland was Town Attorney of the Town.

Defendant Knutsen was a housing developer and builder in the Town.

The other individual defendants are members of the Town Board (the "Board").

The Marshal's returns indicate that all defendants have been served.

The complaint was filed on February 14, 1975. A "Verified Amended Complaint" was filed on April 17, 1975. The major difference between the two documents appears to be the addition, in the amended complaint, of five paragraphs (paras 45–50) dealing with the enactment, on February 19, 1975, by the Town Board of an ordinance. The amended complaint also adds a "Third Claim for Relief" (paras 62–68) based in large part on the added factual averments, and a "Fourth Claim for Relief" (paras 69–73) based on both the original averments and the added ones.

### 1.

Because the "Verified Amended Complaint" includes "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented", it should properly have been entitled "Amended and Supplemental Complaint", and leave of Court should have been sought before filing it. Fed.R.Civ.P. 15(d). This was not done. However, no party has objected to the filing and the Verified Amended Complaint (hereafter "the complaint") will be treated as properly filed.

### 2.

The action is said to arise under the Constitution of the United States, and the Civil Rights Act of 1871 (42 U.S.C. §§ 1983, 1985). Jurisdiction is based on both general federal question jurisdiction (28 U.S.C. § 1331) and civil rights jurisdiction (28 U.S.C. § 1343). For the purposes of general federal question jurisdiction, the requisite jurisdictional amount is pleaded and appears to exist.

### 3.

The complaint is a long and rambling document of 73 paragraphs of which the first 50 are described as "background" and are repeated in each "claim for relief". There is not a "short and plain statement of the claim" (Fed.R.Civ.P. 8(a)) and evidence is freely pleaded. As far as can be made out, the following is the factual situation disclosed by the complaint and by court records.

For many years plaintiff has owned a tract of land in the Town. Part is leased to Dellwood Country Club, is used as a club, and has the usual improvements. The remainder of the tract, called "The Dells" is contiguous to the country club, and is unimproved. Apparently plaintiff owns other land in the area; the complaint is confusing in this respect but in any event it appears that only The Dells is the subject of this action.

A zoning ordinance of the Town became effective August 6, 1967. It is impossible to tell from the complaint how this zoned The Dells but from state court opinions (later to be described) it appears that the zone classification for all The Dells was "Laboratory-office" (L–O).

Before August 6, 1967, there had been two zone classifications for different portions: L–O and single-family detached residences on lots of not less than one acre (called "RA–1" zoning).

A struggle between plaintiff and the Town officials had gone on for some time. Plaintiff was anxious to have The Dells zoned for "multi-family dwellings"

(e. g., para. 16), which expression presumably refers to apartment houses, row houses, attached houses and the like. Much evidence is pleaded as to this struggle before August 6, 1967 but this evidence seems irrelevant to the present motion. The fact is that plaintiff did not pursue any zoning appeals or other remedies under state law.

In October 1968, plaintiff and others commenced a first action or proceeding in the Rockland County Supreme Court (Index No. 3552/68) for a judgment that the L–O classification in the August 6, 1967 zoning ordinance was unconstitutional and void. After findings and conclusions by a Referee, the Supreme Court (Mr. Justice Dempsey) made a decision on July 1, 1971 that the L–O zoning of The Dells was "discriminatory, arbitrary and void" (para 37).

By interlocutory judgment dated July 6, 1971, the Rockland Supreme Court remanded the matter to the Board to rezone The Dells in a way consistent with the Court's decision. So far as appears, all the parties thereafter ignored the first action.

Plaintiff then initiated with the Board a request for rezoning from L–O to multi-family (RG–2) and local shopping (CS) classifications.

By Resolution 305, adopted on March 15, 1972, the Board rezoned The Dells from L–O to one acre detached residential use (R–40), thus rejecting plaintiff's requested classifications.

Plaintiff and others then commenced a second action for a declaratory judgment in the Rockland Supreme Court (Index No. 3271/72). The defendants were the Town Supervisor, the members of the Board, and the Town itself. All of the defendants in the state court action save one are defendants in the case at bar; the exception is one member of the Board (Niehaus) who is apparently no longer a member.

 The complaint at bar (para 41) avers that the judgment sought in the state court action was a declaration that

Resolution 305 "was illegally effected without adequately and properly considering and applying a rezoning classification for The Dells in accordance with a comprehensive plan." This is a wholly inadequate description of the judgment sought in the state court complaint, of which judicial notice can be taken. The state court complaint sought a judgment that Resolution 305 was "unconstitutional" as "enacted without due process," "constitutes confiscation" of The Dells, and was "in violation of the equal protection constitutional safeguards and . . . substantive due process".

There was a lengthy trial in the state court and Mr. Justice Dempsey made his decision in an opinion dated November 14, 1973. The decision was that in adopting Resolution 305 the Board "failed to adequately and properly consider and apply the type of classification for re-zoning The Dells in accordance with a 'comprehensive plan' ", that the R–40 classification was not adequately supported by the record, that a "more adequate review" by the Board "may well" support such R–40 classification, that "Resolution 305 is declared null and void", that the Court would not direct any specific zoning classification, and that the matter would be remitted to the Board for "further appropriate action". The state court rejected all claims that Resolution 305 violated constitutional rights; specifically it held that there was no proof of any "unconstitutional discrimination" or any denial of equal protection or any denial of due process "either federal or state", that the R–40 classification was not a confiscation of plaintiff's property, and that plaintiff "failed to justify the constitutional claims relating to community housing needs and confiscation by economic loss".

The judgment in the state court was settled on notice. Evidently plaintiff considered the decision a victory because, although its constitutional claims were rejected, Resolution 305 was declared "null and void". Counsel for

plaintiff submitted a proposed form of judgment which the Justice signed as submitted (apparently the defendants did not submit any form of judgment). The judgment as signed was dated December 19, 1973, and was filed and entered on December 28, 1973.

There is a curious thing about the judgment. It declares that Resolution 305 is "unconstitutional, illegal and null and void". Such is the wording as submitted by counsel for plaintiff, but it is clear that the court had not decided that Resolution 305 was "unconstitutional"; Resolution 305 was constitutional. In the light of the opinion, the inclusion in the judgment of the word "unconstitutional" can only be explained as a mistake by counsel for plaintiff and an inadvertence by the Justice.

The defendants in the state court action filed on January 14, 1974, a notice of appeal and plaintiff then filed a notice of cross-appeal from the rejection of its constitutional claims based on claimed confiscation and claimed exclusion of classes of prospective apartment tenants. Neither side did anything to prosecute the appeals and on November 15, 1974, the Appellate Division by order dismissed the appeal and cross-appeal.

Evidently plaintiff believed that the Board would not change its zoning classification. Plaintiff decided to drop any further attempts to pursue state court remedies (which had been afforded) and to bring the controversy to this Court. Accordingly on February 14, 1975, plaintiff commenced this action for thirty million dollars in compensatory and punitive damages, demanding trial by jury.

On February 26, 1975, the Board adopted Resolution 169 classifying The Dells R–40, that is, one acre detached residential use rather than for apartment houses as desired by plaintiff. This R–40 was the same classification attacked by plaintiff in the second state court action.

As noted, a verified amended complaint was filed on April 17, 1975, to reflect the adoption of Resolution 169.

### 4.

There are four claims in the complaint.

The first claim is that plaintiff has been deprived of property without due process of law.

The second claim is that defendants conspired to deprive plaintiff "of due process and the equal protection of the laws."

The third claim is that Resolution 169 is "illegal and confiscatory" and is the "taking of property for public use without just compensation."

The fourth claim is that an R–40 classification of The Dells denies the equal protection of the laws to a class of persons living in Rockland County and in "the metropolitan New York area" (the definition of the "class" is difficult to discover but presumably it is "those . . . who, by economic necessity or otherwise, must choose apartment style living rather than one-family detached dwellings" (para 71)).

### 5.

■ Movants assert that all four claims are barred by the res judicata effect of the state court judgment. Ordinarily this is a matter of affirmative defense (Fed.R.Civ.P. 8(c)) but there is no factual dispute, the state court action being judicially noticed. The motion is properly made on res judicata grounds. 1B Moore's Federal Practice (2d ed.) 951–55. Plaintiff has made no objection to the form of the motion.

■ Federal constitutional questions which have been litigated in a state court cannot be relitigated in a federal court. *Thistlethwaite v. City*, 497 F.2d 339 (2d Cir. 1974), cert. denied, 419 U. S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974). This principle applies where the state court litigation was for a declaratory judgment that a zoning ordinance was unconstitutional and the later federal action is for damages under the

Civil Rights Act. *P I Enterprises, Inc. v. Cataldo,* 457 F.2d 1012 (1st Cir. 1972).

### (a)

■ The first claim is for confiscation of The Dells by virtue of the R–40 zoning classification. This claim was litigated and decided in the state court. Moreover, it was essential to the decision. Had the state court found that a R–40 classification was confiscation, then a declaration and injunction would have been required. Instead, the state court remitted for further consideration which would include whether the R–40 classification should be continued.

### (b)

The second claim is for conspiracy to confiscate The Dells, that is, to deprive plaintiff of its property without due process of law, and to deny plaintiff the equal protection of the laws.

■ A claim for conspiracy under the Civil Rights Acts must show that the conspirators did in fact violate the constitutional rights of the claimant. Such was held as to a conspiracy claim under 42 U.S.C. § 1985(3). *Griffin v. Breckenridge,* 403 U.S. 88, 103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). It has been strongly indicated as to a conspiracy claim under 42 U.S.C. § 1983. *Birnbaum v. Trussell,* 371 F.2d 672, 676–77 (2d Cir. 1966). If success of the conspiracy is an essential element of a claim under 42 U.S.C. § 1985(3), then logic would require the same element for a claim under 42 U.S.C. § 1983.

■ Plaintiff here can show no success for the conspiracy because the state court decided that the zoning classification did *not* violate any constitutional rights of plaintiff.

It may be noted, moreover, that plaintiff did present a theory to the state court of a "scheme and plan" by the Board to violate the rights of plaintiff

(for example, complaint in state court, para 29).

### (c)

■ The third claim attacks the R–40 classification in Resolution 169, which was adopted *after* the state court judgment. The statement of this claim in the complaint at bar, however, raises exactly the same constitutional issues litigated and decided in the state court action as to the R–40 classification in Resolution 305. Ordinary principles of collateral estoppel prevent relitigation of those *issues* here, even though the target of the present action is a different resolution.

### (d)

■ The fourth claim is a "class action" attack on the R–40 classification. It seems substantially the same as the third cause of action in the state court. The class is described in the same way (para 73 of the complaint at bar, for example, is virtually the same as para 43 of the state court complaint). The claim was litigated in the state court. The decision was that the proof was not sufficient to "merit any serious consideration of such an alleged 'class action' under the aegis of 'exclusionary zoning'". This claim cannot be relitigated here.

### 6.

Movants urge that this action should be dismissed under the doctrine of abstention. Certainly, it would seem that, unless clear authority is to the contrary, plaintiff should be required to pursue its remedies in the state courts before bringing the controversy here. State law and the state constitution are involved, as well as the federal constitution. The subject matter is local land use, a subject peculiarly appropriate for the state courts. Plaintiff has never given the state appellate courts any op-

portunity to decide the issues. It may be that a decision in the state courts may dispose of the matter on state law points.

▇▇▇ The conclusion is that this Court should abstain from deciding the issues. There is no clear or settled guide in this area of the law. However, the decision in *Fralin & Waldron, Inc. v. City of Martinsville*, 370 F.Supp. 185 (W.D.Va. 1973), affirmed, 493 F.2d 481 (4th Cir. 1974) is very persuasive on a state of facts remarkably similar to those here. While distinguishable, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) seems to support the conclusion reached. No authority to the contrary—on the fact pattern here present—has been found.

### 7.

▇▇▇ It seems beyond question that this plaintiff has no standing to assert the fourth claim because it is not a member of the class allegedly excluded from living in a multifamily unit on The Dells. Plaintiff is a corporation interested in the profit to be made from its land. Plaintiff does not approach within light years the interest of those litigants who were held to have no standing in *Warth v. Seldin*, 422 U.S. 490, 95 S. Ct. 2197, 45 L.Ed.2d 343 (1975).

### 8.

Movants raise other defenses which involve closely competing arguments. In view of the conclusions already stated above, these other defenses need not be considered on this motion.

The motion is granted. There is an express determination that there is no just reason for delay and an express direction (Fed.R.Civ.P. 54(b)) to the Clerk for the entry of judgment dismissing the action against defendants Town of Clarkstown, Gerber, Maloney, D'Antoni, Lodico and Pizzutello for failure of the verified amended complaint to state a claim upon which relief can be granted.

So ordered.