Georgia **TOLBERT**, Plaintiff,

v.

**COUNTY OF NELSON, et al.,**
**Defendants.**

**Civ. A. No. 81–0031–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Nov. 30, 1981.

Deborah C. Wyatt, Charlottesville, Va., for plaintiff.

Kenneth W. Farrar, Lovingston, Va., Richard K. Bennett, Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff, Georgia Tolbert, has filed this complaint pursuant to 42 U.S.C. § 1983 and § 1988 alleging that the defendants, the County of Nelson and the members of the Nelson County Board of Supervisors, individually and in their official capacity, violated her constitutional right of due process when a parcel of land adjoining plaintiff's property was rezoned. Jurisdiction is conferred upon this court by virtue of 28 U.S.C. § 1343(3) and (4).

This case is before the court upon defendants' motions to dismiss. The defendants have filed several motions to dismiss, four of which were argued orally before this court on July 30, 1981. These motions are:

1. to dismiss the claim against Nelson County because the doctrine of sovereign immunity bars such a claim;

2. to dismiss the claim against the members of the Nelson County Board of Supervisors in their individual capacity on the basis that it is barred by the doctrine of legislative immunity;

3. to dismiss the claim for punitive damages since the state court determined that the Board did not act with malice and bad faith in rezoning the property;

4. to dismiss the entire complaint because plaintiff is precluded from relitigating these issues or requesting additional damages in federal court since the plaintiff brought an action in state court based on the same facts and the state court rendered a final decision.

Even though the court's decision to grant defendants' motion to dismiss the complaint on the grounds of *res judicata* and the rule prohibiting splitting a cause of action is dispositive of the entire complaint, the court has decided to discuss and to render a decision on each of the four motions presented to and argued before the court.

## I. FACTS

Norman Dean purchased land located on Route 29 adjacent to the property of the plaintiff. Dean then attempted to have his property rezoned from agricultural use to business use to enable him to construct a truck stop on the property. Upon proper notice, the County Planning Commission met and recommended that the property be rezoned a business district. Following written notice to adjoining landowners and publication in a local newspaper, the Nelson County Board of Supervisors held a public hearing on the rezoning request. At the hearing, Dean presented his plan for the truck stop and several citizens spoke in opposition to the rezoning. The Board's vote on the rezoning application was two in favor and two opposed; therefore, the application was denied. The record is unclear as to whether the Board formally adjourned that meeting, but it does appear that the Board sought the advice of the County At-

torney, who told them that their proceeding in the matter would be proper, since the County Attorney was of the opinion that the meeting prior in time had not been adjourned, but had been recessed. Thus, it appears that the County Attorney's view was that the second meeting was simply a continuation of the first meeting, so that the requirements of notice and publication and the prohibition against considering again a rejected zoning proposal in less than one (1) year would not apply. However, on April 18, 1980, the Board met again and without official notice to neighboring landowners, reconsidered the rezoning application. At this meeting, the Board voted in favor of the application, reversing its previous decision.

The plaintiff filed a Bill for Declaratory and Injunctive Relief in the Circuit Court of Nelson County alleging that the Board violated her constitutional right of due process when it reconsidered the rezoning application without giving her proper notice. Judge Sweeney held that under the County Zoning Ordinance and for due process reasons, the Board's second vote on the rezoning application was invalid. On April 6, 1981, plaintiff filed this suit alleging that the Board's actions violated her constitutional right of due process and in relief requests $10,000.00 in compensatory damages and $10,000.00 in punitive damages.

## II. MOTION TO DISMISS NELSON COUNTY [1]

In defendants' memorandum in support of motions to dismiss, the defendants assert that the doctrine of sovereign immunity bars any claim against a county based upon county functions that are political, discretionary, and legislative and where the liability would be imposed upon public funds. Defendants assert that the actions taken by Nelson County in rezoning the Dean property were political, discretionary, and legislative and that any judgment against the County of Nelson would impose liability on

---

[1]. Plaintiff objects to this motion on the grounds of vagueness; however, it appears to this court that defendants' motion and memorandum pro-

vided plaintiff with sufficient notice of the defense claimed.

public funds. Thus, defendants' contend that plaintiff's claim against the County of Nelson is barred by the doctrine of sovereign immunity.

In response, plaintiff states that the United States Supreme Court decisions in *Monell v. New York Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), recognize that § 1983 applies to municipalities and other local governmental units and that the doctrine of sovereign immunity does not bar suits brought under § 1983 against these local governments.

■ This court is in agreement with the plaintiff and has determined that the doctrine of sovereign immunity does not bar the plaintiff's claim for compensatory damages against the County of Nelson. However, in *City of Newport v. Fact Concerts, Inc.*, —— U.S. ——, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) the United States Supreme Court recently held that a municipality is immune from punitive damages under 42 U.S.C. § 1983. Accordingly, the plaintiff's claim for punitive damages against the County of Nelson will be dismissed.

### III. MOTION TO DISMISS DEFENDANTS HUFFMAN, BRANDT, BURNLEY AND POLLACK [2]

■ Defendants Huffman, Brandt, Burnley, and Pollack allege that at all times pertinent to this complaint they were acting in good faith and within the scope of their official duties as members of the Nelson County Board of Supervisors. These individual defendants claim that since they were acting in good faith and within the scope of their authority, the doctrine of legislative immunity bars this claim.

Plaintiff asserts that the doctrine of legislative immunity does not apply in this case because the action taken by the Board was illegal and because members of a Board of Supervisors are not considered to be legislators.

The Fourth Circuit Court of Appeals recently decided a case involving a question similar to the one presented by the defendants in this motion. *Bruce v. Riddle*, 631 F.2d 272 (4th Cir. 1980). In *Bruce*, the plaintiff brought an action under § 1983 claiming that the value of his property was reduced when the Greenville County Council unconstitutionally enacted a zoning ordinance. The District Court granted a motion to dismiss made by the individual members of the County Council on the basis that they were entitled to absolute legislative immunity. The plaintiff appealed the District Court's decision to dismiss the individual defendants to the United States Court of Appeals for the Fourth Circuit. In affirming the lower court's decision, Judge Sprouse wrote:

> We think, therefore, that if legislators of any political subdivision of a state function in a legislative capacity, they are absolutely immune from being sued under the provisions of § 1983.

*Id.* at 279. The court further held that the members of the County Council were acting within the scope of their legislative activity when they voted on the zoning ordinance despite their private meetings with a number of constituents who had selfish interests in the passage of the zoning ordinance. The court did state that legislators can claim no immunity for illegal acts such as bribery, but the court held that in this case the defendants committed no illegal acts.

■ In light of the decision in *Bruce*, this court has determined that the individual members of the Nelson County Board of Supervisors were acting within the scope of their legislative activity when they voted on the rezoning request and therefore are entitled to absolute legislative immunity. As was the situation in *Bruce*, the fact that an

---

**2.** Plaintiff objects to this motion on the grounds that legislative immunity is an affirmative defense which should be raised in the answer and not by a motion to dismiss. The defendants filed this motion to dismiss simultaneously with the Answer; therefore the plaintiff has not been prejudiced by the defendants raising this defense in this manner. For this reason and in the interest of justice, the court will consider defendants' motion.

action taken by legislators in their official capacity was held *invalid* by state court does not necessarily imply that the actions taken were *illegal* and not subject to the doctrine of legislative immunity. In both this case and in *Bruce*, the defendants unconstitutionally enacted a zoning ordinance which was later held invalid. However, in neither case was the defendant's activity illegal. Thus, the complaint against Huffman, Brandt, Burnley, and Pollack in their individual capacities will be dismissed.

## IV. MOTION TO DISMISS THE CLAIM FOR PUNITIVE DAMAGES [3]

■ The defendants have filed a motion to dismiss the claim for punitive damages alleging that the state court determined that the Board of Supervisors was not acting in bad faith and with malice when it voted to rezone Dean's property. The defendants contend that the plaintiff is now collaterally estopped from relitigating this issue and therefore the claim should be dismissed.

The plaintiff asserts that the issue of whether the Board of Supervisors was acting in good faith was never actually litigated nor was its determination essential to the judgment made by the state court. Accordingly, the plaintiff contends that the doctrine of collateral estoppel should not bar this issue from being litigated.

■ This court has previously determined that the punitive damage claim against the County of Nelson should be dismissed and that the complaint against Huffman, Brandt, Burnley, and Pollack should be dismissed. Thus, the only claim for punitive damages which remains is the claim against the Nelson County Board of Supervisors. As mentioned in Section II, the United States Supreme Court recently held in *City of Newport v. Fact Concerts, Inc., supra,* that a municipality is immune from punitive damages under § 1983. The rationale

used in *Newport* applies equally to a claim for punitive damages against a County Board of Supervisors as it does to a claim for punitive damages against the County itself. In both instances there is no evidence that Congress intended to disturb the common law immunity from punitive damages given these entities when it enacted § 1983 nor are there sufficient policy considerations to expose these entities to punitive damages for the alleged bad faith of its officials. For these reasons, the claim for punitive damages against the Nelson County Board of Supervisors and the County of Nelson will be dismissed.

## V. MOTION TO DISMISS COMPLAINT ON THE GROUNDS OF *RES JUDICATA* AND THE RULE AGAINST SPLITTING A CAUSE OF ACTION

The defendants have filed a motion to dismiss asserting that plaintiff is barred from relitigating these issues or requesting additional damages in federal court since she previously brought an action and a final judgment was rendered in state court on the same factual basis. Defendants claim that plaintiff could and should have brought her § 1983 action before the Circuit Court of Nelson County and that plaintiff is now estopped from seeking additional damages in federal court by the principles of *res judicata* and the rule against splitting a cause of action.

The plaintiff has objected to the defendants' motion to dismiss alleging that the defendants failed to raise the affirmative defense of *res judicata* within the time prescribed by the Federal Rules of Civil Procedure. Plaintiff addresses the substance of the defendants' motion to dismiss by advancing the proposition that both the Virginia and the federal statutes concerning declaratory judgments provide that further relief based upon a declaratory judgment may be granted.

**3.** Plaintiff objects to this motion on the grounds that estoppel is an affirmative defense which should be raised in the answer and not by a motion to dismiss. The defendants filed this motion to dismiss simultaneously with the Answer, so that the plaintiff has not been prejudiced by the defendants raising this defense in this manner. For this reason and in the interest of justice, the court will consider defendants' motion.

■ Defendants have claimed that plaintiff's complaint is barred by the doctrine of *res judicata* and the rule prohibiting the splitting of a cause of action. Plaintiff asserts that this defense was not timely raised and therefore should be denied. An examination of the complaint and answer reveals that plaintiff's state court complaint and the state court opinion were properly before the court as attachments to the answer and the complaint. In the answer, the defendants did raise the defense of *res judicata* as to the claim for attorney fees and costs and prayed that the plaintiff take nothing by virtue of her complaint. Since "all pleadings shall be so construed as to do substantial justice" and since the Federal Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action", this court will not require the defendants to amend their answer and will consider the defendants' defense of *res judicata* and the rule against splitting a cause of action as properly before the court. Fed.R.Civ.P. 8(f) and 1.

The issue presented in this motion to dismiss is whether the plaintiff is barred from bringing a suit requesting money damages under § 1983 in a *federal* court after receiving injunctive and declaratory relief in a *state* court based on the same facts. This issue is distinguishable from the issue in those cases involving a suit in a federal court following a claim for injunc-

tive and declaratory relief made and *lost* in the state court.[4] This issue is also distinguishable from the issue in those cases in which the plaintiff seeks relief following a declaratory judgment in the *same court* or forum in which the declaratory judgment was entered. That is, the issue presented in this case cannot be compared to the issue presented in cases where both the declaratory relief and the further relief were sought in a state forum[5] or where both the declaratory relief and the further relief were sought in a federal forum.[6] This issue also differs from the issue in a case where the plaintiff brought suit in a state court and was awarded money damages and later filed suit in a federal court seeking additional money damages on a different theory of recovery. *Davis v. Towe*, 379 F.Supp. 536 (E.D.Va.1974).

The parties have cited only one published decision which was decided under circumstances similar to this case. *International Prisoners Union v. Rizzo*, 356 F.Supp. 806 (E.D.Pa.1973). In *Rizzo*, an unincorporated association of inmates confined within the Philadelphia Prison System filed a complaint under 42 U.S.C. §§ 1983, 1985, and 1986 alleging violations of their constitutional rights and requesting injunctive relief, declaratory relief, compensatory damages, and punitive damages. Before *Rizzo* was filed, a class action on behalf of prisoners incarcerated in Philadelphia County

---

**4.** *Dells, Inc. v. Mundt*, 400 F.Supp. 1293 (S.D.N.Y.1975) (state court dismissed plaintiff's constitutional claim and plaintiff then attempted to raise the same claim in federal court); *Atkins v. School Board of Halifax County*, 379 F.Supp. 1060 (W.D.Va.1974) (plaintiff brought suit in federal court following an adverse decision in state court on plaintiff's claim that land was being taken unconstitutionally).

**5.** Further relief sought in state court following a state court declaratory judgment:
*Winborne v. Doyle*, 190 Va. 867, 59 S.E.2d 90 (1950);
*Farley v. Missouri Department of Natural Resources*, 592 S.W.2d 539 (Mo.App.1979); *Atchison v. Englewood*, 180 Colo. 407, 506 P.2d 140 (1973).

**6.** Further relief sought in federal court following a federal declaratory judgment:

*Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969);
*Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062 (10th Cir. 1980);
*Kaspar Wire Works, Inc. v. Leco Engineering and Machine Inc.*, 575 F.2d 530 (5th Cir. 1978);
*Jones-Bey v. Caso*, 535 F.2d 1360 (2d Cir. 1976);
*Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518 (2d Cir. 1958);
*Clarke v. Redeker*, 406 F.2d 883 (8th Cir. 1969)
(Defendants were incorrect in stating that the plaintiff in *Clarke* first brought suit in state court; actually, both suits were commenced in federal court).

prisons was filed in state court raising substantially the same allegations as were raised in *Rizzo*, but requesting only injunctive and declaratory relief. In the state court case the court held that the prisoners' constitutional rights had been violated and awarded injunctive and declaratory relief. The defendants in *Rizzo* filed a motion to dismiss claiming that the claim brought in federal court was barred by *res judicata* because of the final decision in the state court suit. The *Rizzo* court held that the plaintiffs were members of the class denominated in the previous state court suit and that the plaintiff's claims for compensatory and punitive damages could have been litigated in that state court suit. The court stated:

> It is clear that a damage claim could have been raised and adjudicated in the state court. Failure to raise it in that forum and thereafter asserting it in an action arising out of the same facts constitutes a splitting of a cause of action. "The doctrine of *res judicata* ... prevents 'splitting of a cause of action' and requires all grounds upon which a single claim is based to be asserted and concluded in one action, on pain of being barred from a separate suit". Wright, Law of Federal Courts, § 78 at 343. *See also, McConnell v. Travelers Indemnity Company*, 346 F.2d 219, 222 (5th Cir. 1965). A plaintiff must recover all damages arising from given operative facts in a single action when the first forum has the ability to give the relief sought in the second forum. *See Cream Top Creamery v. Dean Milk Co.*, 383 F.2d 358, 363 (6th Cir. 1967); *International Railways of Central America v. United Fruit Co.*, 254 F.Supp. 233 (S.D.N.Y.1966), aff'd in part and rev'd in part, 373 F.2d 408 (2d Cir. 1967).

*Id.* at 810. The court then granted defendants' motion to dismiss.

The plaintiff has tendered to the court two unpublished decisions which she claims stand for the proposition that a federal court may hear actions for damages under § 1983 following a state court declaratory judgment. In *Cole v. City of Winchester*, No. 80–0022–H (W.D.Va. Sept. 2, 1980), the plaintiff *initially* brought suit in federal court seeking injunctive and declaratory relief. The federal court abstained from considering the matter at that time and the plaintiff filed suit in state court. The Virginia Supreme Court granted the plaintiff declaratory relief and plaintiff then returned to the federal court to seek monetary damages. The federal court held that the abstention doctrine and the finality doctrine did not preclude plaintiff's claim in federal court. In the court's decision there was no discussion concerning the *res judicata* affect of the prior judgment or the rule against splitting a cause of action. For these reasons, this court will not consider *Cole* as binding precedent for this case. Likewise, in *Friedman v. City of Willoughby*, No. C78–520 (N.D.Ohio Oct. 15, 1980), the court did not discuss the doctrine of *res judicata* or the rule prohibiting splitting a cause of action.

The facts of this case clearly indicate that plaintiff could have initially requested in her state court action the money damages that she now seeks in this action. There is no dispute that under the Virginia Declaratory Judgment Act plaintiff could have filed a separate suit in state court requesting money damages based upon the declaratory judgment in state court. However, in this case the plaintiff is attempting to bring an action for further relief in an entirely separate forum. In this case, plaintiff was granted injunctive and declaratory relief in the Circuit Court of Nelson County, a state court, and plaintiff is now attempting to obtain further relief based upon that declaratory judgment in a federal court.

 In a case involving a final judgment for the plaintiff in a state court and a later suit by the plaintiff on the same facts in a federal court on a different theory of recovery, Judge Hoffman stated:

> The rule against splitting a cause of action is closely related to the doctrine of *res judicata*. As stated by the Supreme Court in 1877, a judgment on the merits "constitutes an absolute bar to a subsequent action. It is a finality as to the

claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but *as to any other admissible matter which might have been offered for that purpose*". *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877).

As a matter of judicial economy and fairness to defendants, plaintiff is permitted only one opportunity to litigate *de novo* a single cause of action. He may not later relitigate the same cause of action under a different theory of recovery or by alleging different facts. *Williamson v. Columbia Gas & Electric Co.*, 186 F.2d 464 (3 Cir. 1950); *Estevez v. Nabers*, 219 F.2d 321, 323 (5 Cir. 1955); *see also Baltimore S. S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927).

*Davis v. Towe*, 379 F.Supp. 536, 537 (E.D. Va.1974). Even though *Davis* involved a final judgment in the state court and not a declaratory judgment, the identical reasoning applies to a case where a plaintiff attempts to obtain further relief based upon a declaratory judgment in an entirely separate forum. The declaratory judgment statutes which allow further relief based upon a declaratory judgment do not affect the doctrine of *res judicata* and the rule against splitting a cause of action in a case involving separate forums. These statutes merely allow a plaintiff to seek any further relief *in the forum in which the declaratory judgment was obtained*. Therefore, the rule against splitting a cause of action and the related doctrine of *res judicata* bar the plaintiff from bringing her claim for damages in a federal forum on the same facts on which she obtained declaratory relief in a state forum.

For reasons stated above, this court will enter an appropriate Order dismissing plaintiff's complaint.