**Terrance GARRIS, et al.**

v.

**Sergeant GIANETTI, et al.**

**Civ. A. No. 92–2204.**

United States District Court,
E.D. Pennsylvania.

Feb. 15, 1995.

Susan Saint–Antoine, Morgan, Lewis & Bockius, Brian A. Gordon, Stanford L. Cameron, Gordon & Gordon, P.C., Philadelphia, PA, for Terrance Garris.

Terrance Garris, pro se.

Omar McBride, pro se.

Debra R. Sandifer, Chief Asst. City Sol., Ann Agnes Pasquariello, Lek Domni, Asst. City Sol., Philadelphia, PA, for Gianetti, Sgt., Stewart, C/O, Venable, C/O, Richinson, C/O, Small, C/O, Smith, C/O, City of Philadelphia.

Debra R. Sandifer, Chief Asst. City Sol., Ann Agnes Pasquariello, Philadelphia, PA, for Murphy, Warden.

Brian A. Gordon, Stanford L. Cameron, Elizabeth A. Gardiner, Gordon and Gordon, P.C., Philadelphia, PA, for Cornelius Harold, Odell Moore, Joseph Murphy, Jeffery Wroten, Stacey Propst.

Stacey Propst, pro se.

Lek Domni, Asst. City Sol., Philadelphia, PA, for the City of Philadelphia.

### ORDER

POLLAK, Senior District Judge.

AND NOW, this 15 day of February, 1995, upon careful consideration of the pleadings and record herein, and after a *de novo* review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is

### ORDERED

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The plaintiffs' motion for class certification filed on May 23, 1994 is DENIED.

### REPORT and RECOMMENDATION

United States Magistrate Judge.

## I. INTRODUCTION

Four inmates of the Philadelphia County prison system filed this civil rights action against the City of Philadelphia and several of its employees pursuant to 42 U.S.C. § 1983. The plaintiffs allege that correctional officers used excessive force upon them on four separate occasions. The plaintiffs seek money damages and injunctive relief. Broadly challenging the City's policies and procedures concerning the use of force by guards at its prisons, the plaintiffs also desire that this case be certified as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2). The putative class includes all current and future inmates incarcerated by the Philadelphia Department of Corrections, who were subjected to excessive force and/or corporal punishment.

This case was assigned to the Honorable Louis H. Pollak, who referred all pretrial motions to me for disposition. Presently before the court is the plaintiffs' motion for class certification.[1] The motion raises the issue of whether this case should become a class action when another class action pending in this court is currently addressing the City's policies and procedures on the use of force by its correctional officers. Because of the pendency of this related case, I find that it would be improper to permit this case to proceed as a class action. Accordingly, I recommend that the plaintiffs' motion for class certification be denied.

## II. PROCEDURAL HISTORY

Plaintiff, Terrance Garris, a/k/a "Stacey Propst," filed his initial complaint on April 15, 1992. On December 3, 1992, plaintiff filed a First Amended Complaint and, on March 2, 1993, a Motion for Class Certification. Judge Pollak referred the motion to the Honorable William F. Hall, Jr., United States Magistrate Judge, for disposition. On September 29, 1993, Judge Hall denied the motion for class certification without prejudice.

Because the original plaintiffs in this matter had been released from custody or transferred from Philadelphia's prisons, counsel amended the complaint several times to add new plaintiffs. The current complaint, the Fourth Amended Complaint, was filed on May 23, 1994 and simultaneously the plaintiffs renewed their motion for class certification.

## III. PLAINTIFFS' FOURTH AMENDED COMPLAINT

Plaintiffs' Fourth Amended Complaint alleges that the Philadelphia County jails employ "an undisciplined and ill-trained correctional staff which has historically used and

---

**1.** 28 U.S.C. § 636(b)(1)(B) permits a magistrate judge to decide a motion for class certification so long as a district court judge makes a *de novo* review. Accordingly, I have prepared this report for Judge Pollak's review and approval. *Nelson v. Nationwide Mort. Corp.*, 659 F.Supp. 611, 619–20 (D.D.C.1987); *Ruland v. General Elec. Co.*, 94 F.R.D. 164, 165 (D.Conn.1982).

continues to use corporal punishment and excessive force in the management of inmates." (Complaint ¶ 1). The four plaintiffs specifically claim that the correctional officers named as defendants have each used excessive force upon them during four unrelated incidents. The City of Philadelphia is also named as a defendant for allegedly failing to curb a pattern and practice of beating prisoners.

Plaintiff, Omar McBride, an inmate at Holmesburg Prison, claims that sometime in October 1993, he was beaten by defendants Davilla, Brock, and Dougherty, after he refused to immediately obey Officer Davilla's order to go to his cell. (Complaint ¶ 26–49). Plaintiff, Terrance Garris, a/k/a "Stacey Propst," alleges that, on or about December 25, 1991, he was an inmate at the Philadelphia Industrial Correctional Center. On that date, Garris claims that defendant Moore struck him several times after he refused to give Moore a mirror he had in his cell. Garris alleges that defendants Gianetti, Stewart, Venable, Smith, Small and Richardson beat him repeatedly in retaliation for the skirmish with Officer Moore. (Complaint ¶ 50–87).

Plaintiff, Cornelius Harold, alleges that on or about May 3, 1993, he was an inmate at Holmesburg Prison. He claims that, on that day, he was assaulted by defendant Rokis after disobeying an order to return to his cell. (Complaint ¶ 88–95). Plaintiff, Joseph Murphy, avers that on or about January 18, 1993, he was an inmate at Holmesburg Prison. He states that, on that day, he engaged in a fight with another inmate. Murphy claims that defendants Kennedy, Boatwright and Watson responded to the scuffle and they then maliciously proceeded to beat him. (Complaint ¶ 96–107).

In addition to seeking damages for the alleged misconduct of the individual correction officers, plaintiffs, on behalf of the putative class, request injunctive relief. They request the court to order the City of Philadelphia, Department of Corrections, to (1) videotape, where possible, all instances where force is likely to be used; (2) institute mandatory annual training in the use of force, and dispute resolution; and (3) reform procedures to investigate claims of excessive force. (Complaint ¶ 23(6)).

## IV. DISCUSSION

Plaintiff has requested certification under Federal Rule of Procedure 23(b)(2). This provision requires the named plaintiffs to show that the following four requirements of Rule 23(a) are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, Rule 23(b)(2) requires a showing that the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Although, in their opposition to the first motion for class certification, the defendants argued that the plaintiffs failed to satisfy the four requirements of Rule 23(a), now defendants primarily argue that the certification should be denied because there is pending before the Honorable Norma L. Shapiro, a class action case, *Harris v. Reeves*, Civ. No. 82–1847, which addresses claims for general injunctive relief relating to the use of force by correctional officers in the administration of Philadelphia prisons.

Reacting to the City's argument, counsel for the plaintiffs wrote a letter on June 14, 1994, requesting the court to confirm that the case of *Harris v. Reeves* is addressing the issue of the City's policy on the use of force by the Philadelphia prison guards. On June 22, 1994, Judge Pollak replied to counsel's letter after consulting with Judge Shapiro. The court confirmed that the development of policies and procedures relating to the use of force in the Philadelphia prison system "falls within the ambit" of the court's administration of the consent decree in *Harris v. Reeves*. Accordingly, Judge Pollak informed plaintiff's counsel that "it would be inappropriate for *Garris v. City of Philadelphia* . . .

to be a vehicle for addressing the same matters. *Garris*, in my view, should be confined to the adjudication of any damage claims arising out of past instances of allegedly excessive use of force contravening constitutional norms." [2]

■ The decision to certify a case as a class action is within the sound discretion of the district court. *In re School Asbestos Litigation,* 789 F.2d 996, 1009 (3d Cir.), *cert. denied,* 479 U.S. 852, 915, 107 S.Ct. 182, 318, 93 L.Ed.2d 117, 291 (1986). A prerequisite to Rule 23(b)(2) certification is that it be "appropriate" to make "final injunctive relief" should the plaintiffs prevail. Here, it would be inappropriate to entertain the injunctive relief sought by plaintiffs when the *Harris* court has for sometime been addressing the identical claims for injunctive relief. The Third Circuit has held that generally a federal court should not exercise jurisdiction over a case which involves the same parties and issues as a case already pending in another federal district court. The purpose of the rule is to conserve judicial resources, avoid piecemeal litigation, eliminate the risk of inconsistent adjudications and "to promote comity among federal courts of equal rank." *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 971–72 (3d Cir.1988), *aff'd.* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990); *Complaint of Bankers Trust Co. v. Bethlehem Steel Corp.,* 636 F.2d 37, 39–40 (3d Cir.1980). Over fifty years ago, Judge Maris explained why federal courts must avoid duplicative litigation:

> The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issue and the same parties.

*Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929–30 (3d Cir.1941), *cert. denied,* 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942).

The parties here agree that the class certified in *Harris* is coextensive with the putative class in *Garris*. The *Harris* plaintiffs are represented by able counsel who have a complete knowledge of the Philadelphia prison system. The City Solicitor's office represents the City in both the cases. Because Judge Shapiro is already addressing the City's policies and procedures on excessive force, there would be a duplication of effort and a risk of inconsistent adjudications if this court were to address the same claims. *See International Prisoners' Union v. Rizzo,* 356 F.Supp. 806, 810 (E.D.Pa.1973) (interests of judicial efficiency preclude a federal class action seeking the same relief as earlier class action filed in state court).

The *Harris* litigation is far more advanced than this case. The *Harris* case has been pending in this court since 1982. Indeed, a Consent Degree was agreed upon by the parties and the court has appointed a Special Master to oversee compliance with the decree and to assist the court with related issues. As of June 10, 1994, the City has submitted to the Special Master the City's newly developed use of force policy for its prisons. The new policy includes much of the suggested changes sought in the plaintiffs' prayer for injunctive relief. (See Exh. "A" to Defendants' Response to Class Certification Motion.) [3] In contrast, this case was filed in 1992, plaintiffs only recently filed an amended complaint, and the parties have yet to complete discovery.

---

**2.** Judge Pollak's letter of June 22, 1994 prompted the plaintiffs to file a Motion to Sever and Transfer claims of an Injunctive Relief to Judge Shapiro on September 12, 1994. This motion was denied by Judge Pollak by Memorandum Order dated October 12, 1994.

**3.** For example, the City's use of force proposal requires (1) videotaping of preplanned, organized uses of force (p. 5); (2) internal institutional investigations of excessive force claims (pp. 15, 19–22); and (3) training guards in the use of force (p. 4). All of these measures are requested in the plaintiffs' prayer for injunctive relief. (Complaint ¶ 22(b)(3)).

The above considerations lead to the conclusion that the court should exercise its discretion and deny the Rule 23(b)(2) motion for class certification. After the removal of the injunctive relief claims, what remains in *Garris* are claims for damages by the four individual plaintiffs. Since the remaining claims are solely for money damages, the case may not be maintained as a Rule 23(b)(2) class action. *See In re School Asbestos Litigation, supra* at 1008. ("[A]n action for money damages may not be maintained as a Rule 23(b)(2) class action").

Assuming that all four conditions of Rule 23(a) are met, the other requirements of Rule 23(b) would not be satisfied under the facts of this case.[4] The provisions of Rule 23(b)(1)(A) and (B) are inapplicable to the facts of this case. Furthermore, under Rule 23(b)(3), the questions affecting only the individual members of the class would predominate over the questions of law or fact common to the members of the class. In determining whether the correctional officers have used excessive force in maintaining prison security, the fact-finder would be required to assess the reasonableness of each officer's actions in light of the essentially unique factual circumstances surrounding each of the incidents. *See Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (2d Cir.

1973).[5] These determinations cannot be made *en masse*. Consequently, the courts have held that actions, such as the instant one, alleging excessive force by law enforcement officers "are especially unsuited to class disposition." *See Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1557–58 (11th Cir. 1989). Accordingly, without the claims for injunctive relief under Rule 23(b)(2), this case should not be certified as a class action.

For all of the above reasons, the court makes the following:

## RECOMMENDATION

AND NOW, this 27th day of October, 1994, it is respectfully recommended that the plaintiffs' motion for class certification filed May 23, 1994 be denied.

4. Rule 23(b) provides in pertinent part:

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. In *Johnson v. Glick*, Judge Friendly stated that these cases can only be decided on an individual basis:

The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. 481 F.2d at 1033.