Anna Lee FARLEY, Appellant,

v.

MISSOURI DEPARTMENT OF NATU-RAL RESOURCES, Division of Parks and Recreation, and The Missouri State Park Board, Respondents.

No. KCD30536.

Missouri Court of Appeals, Western District.

Dec. 31, 1979.

Emory Melton, Cassville, Thomas J. Downey, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Gerald M. Sill, Asst. Atty. Gen., Jefferson City, for respondents.

Before WASSERSTROM, C. J., WELBORN and MURPHY, Special Judges.

J. DONALD MURPHY, Special Judge.

The determinative issue on this appeal is whether plaintiff's claim for damages was merged on principles of res judicata in a prior declaratory judgment proceeding between the same parties. The issue appears to be one of first impression in Missouri.

We conclude that plaintiff's claim is not precluded and that the trial court erred in dismissing plaintiff's petition.

In 1961, plaintiff's husband leased a tract of land adjacent to Roaring River State Park from private owners and operated a business on the premises which included coin-operated pinball machines. After her husband's death, plaintiff, as successor lessee, continued operating the business. · In 1968 the Missouri State Park Board purchased the property as an addition to the park and requested that plaintiff quit operating the pinball machines under threat of termination of the lease and eviction from the premises. Plaintiff complied, but thereafter pursued an action for declaratory judgment and obtained a declaration that she could operate the machines under the lease.

Plaintiff did not seek damages in the declaratory judgment proceeding but did ask for "other and future orders" and, as part of her allegation of a justiciable interest in bringing the suit, stated that her inability to operate the pinball machines "resulted . . . and will continue to result in a substantial diminution of the income of plaintiff."

After her lease had terminated, plaintiff filed the case at bar seeking damages for breach of that part of her lease under which she had lost income from the pinball machines. The trial court sustained defendants' motion to dismiss on the grounds that "the matter has been previously resolved in other litigation and . . . is res judicata and that the petition fails to state a claim upon which relief can be granted."

On this appeal defendants contend that plaintiff is precluded on principles of res judicata from prosecuting her claim for damages because the claim could and should have been included in the declaratory judgment action.[1]

Under principles of res judicata a former judgment on the same cause of action in favor of the plaintiff ordinarily is conclusive between the parties, not only of every matter litigated but of every matter which could have been litigated. The original claim is considered as merged in the judgment and the plaintiff—who may, if necessary, sue on the judgment—is precluded from maintaining any further action on the claim itself. *Abeles v. Wurdack*, 285 S.W.2d 544 (Mo.1956); Restatement (Second) of Judgments § 47 (Tent. Draft No. 1, 1973); 46 Am.Jur.2d Judgments, §§ 405–420; 1B Moore's Federal Practice ¶ 0.405[1], at 621 (2d ed. 1974).

However, suits for declaratory judgments do not fall within the general rule. According to virtually unanimous authori-

---

1. There is no merit to defendants' alternative contention that by use of the language in her petition quoted above, plaintiff did in fact raise the issue of damages. She thereby neither prayed for damages nor pleaded specifically the amount of damages. See Rule 55.19.

ties, the effect of a prior declaratory judgment, although conclusive as to matters declared, is not to merge in the judgment a subsequent claim for coercive relief arising out of the same cause of action. Restatement (Second) of Judgments § 76, Comment c (Tent. Draft No. 3, 1976); 22 Am.Jur.2d Declaratory Judgments, § 100 (1965); *Dale Renting Corp. v. Bard*, 39 Misc.2d 266, 240 N.Y.S.2d 488 (Sup.Ct.1963), aff'd, 19 A.D.2d 799, 243 N.Y.S.2d 420 (1963); *Lynch v. Bailey*, 198 Misc. 685, 99 N.Y.S.2d 585 (Sup.Ct. 1950); *Lortz v. Connell*, 273 Cal.App.2d 286, 78 Cal.Rptr. 6 (1969); *Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518 (2d Cir. 1958); *Kaspar Wire Works, Inc. v. Leco Engineering & Mach.*, 575 F.2d 530 (5th Cir. 1978); *Cooke v. Gaidry*, 309 Ky. 727, 218 S.W.2d 960 (1949); 10 A.L.R.2d 778 (1950); *Winborne v. Doyle*, 190 Va. 867, 59 S.E.2d 90 (1950); *Schleicher v. Schleicher*, 120 Conn. 528, 182 A. 162 (1936).

The rationale for this exception to the general rule is expressed in Restatement (Second) of Judgments, § 76 (Tent. Draft No. 3, 1976):

> When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it
>
> .     .     .     .     .
>
> A plaintiff who wins a declaratory judgment may go on to seek further relief, even in an action on the same claim which prompted the action for a declaratory judgment. This further relief may include damages which had accrued at the time the declaratory relief was sought; it is irrelevant that the further relief could have been requested initially .  .  .  . Nonmerger is justified by arguments based on the purpose of declaratory relief. A declaratory action is intended to provide a remedy that is sim-

pler and less harsh than coercive relief, if it appears that a declaration might terminate the potential controversy. This idea that declaratory actions are to supplement rather than supersede other types of litigation is fortified by the provisions of the Uniform and Federal Acts for "further relief" when necessary or proper; these provisions represent a legislative scheme antithetical to merger.

The provisions of Rule 87.10 and § 527.-080, RSMo 1978, clearly contemplate additional litigation when issues in a declaratory judgment proceeding have been completed. Rule 87.10 provides in part:

> "87.10 Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief."

The "further relief" provision of the rule necessarily implies that the doctrine of merger used in res judicata does not apply to declaratory judgment actions, and that "further relief," including damages, may be had by supplementary action in an independent proceeding. It is concluded that plaintiff's claim for damages is not precluded by the prior declaratory judgment and her petition should not have been dismissed.

The judgment dismissing plaintiff's petition is set aside and the cause remanded.