781 F.2d 116
 Robert CIMASI J. Barleycorn's, Inc., by and through Stuart
J. Radloff as Trustee, Appellants,
v.
CITY OF FENTON, MISSOURI; Joseph Morgan; Donald P.
Formhals; Gloria K. Schweiger; Jane Wulle; Joseph Clark;
Frances J. Pickles; Joan Harris; Jean Gerber; Neil Roark;
J. Carol Hitzert; Robert R. Sanders; Guy L. Youngman;
Melvin West, Appellees.
 No. 85-1315.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 12, 1985.
Decided Jan. 3, 1986.
 
 Leo V. Garvin, St. Louis, Mo., for appellants.
 Laura B. Allen, St. Louis, Mo., for appellees.
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Robert Cimasi and J. Barleycorn's, Inc., by and through Stuart J. Radloff as Trustee, appeal from a final order entered in the District Court[1] for the Eastern District of Missouri dismissing their 42 U.S.C. Sec. 1983 civil rights complaint on the grounds that this litigation is barred by res judicata and collateral estoppel. Cimasi v. City of Fenton, No. 84-1535 C(5) (E.D.Mo. Nov. 30, 1984) (slip op. at 4) (Cimasi II ). For the reasons discussed below, we vacate the order of the district court and remand the case to the district court for further findings.
 
 
 2
 Appellants filed a five-count complaint alleging appellees unlawfully enforced an invalid city ordinance and harassed and interfered with appellants' business operations. Count I alleged a 42 U.S.C. Sec. 1983 claim and conspiracy; the remaining counts alleged pendent state claims.
 
 
 3
 In August 1980 appellants leased commercial premises located within the City of Fenton and obtained liquor licenses from the state and the county. However, appellants' application for a city liquor license, as required by city ordinance No. 48 for the sale of liquor within the city, was denied three times during the fall of 1980. Appellants opened their business, a bar and restaurant known as J. Barleycorn's, Inc., in January 1981. Appellants alleged that city officials charged them with selling liquor without a city liquor license in violation of ordinance No. 48 and also engaged in discriminatory and harassing practices, such as unwarranted health code, building code and sanitation inspections, lack of police protection and discriminatory traffic code enforcement, all with the objective of forcing appellants out of business.
 
 
 4
 In January 1981 appellants filed a lawsuit against appellees in the Circuit Court for St. Louis County seeking declaratory and injunctive relief. In March 1981 the circuit court declared the ordinance invalid and permanently enjoined the city from enforcing the invalid ordinance. Appellees filed an appeal. In August 1983 the state appellate court affirmed the holding that the ordinance was invalid because the city failed to follow the procedures mandated by state law to enact an ordinance, Mo.Rev.Stat. Sec. 79.130 (1978), but reversed the award of injunctive relief. Cimasi v. City of Fenton, 659 S.W.2d 532 (Mo.Ct.App.1983) (Cimasi I ). The affirmance in part was of little benefit to appellants, however, because the bar and restaurant closed in June 1982.
 
 
 5
 In July 1984 appellants filed the present civil rights action in federal district court to recover damages allegedly caused by appellees' enforcement of the invalid city liquor license ordinance and other unlawful activity. Appellees filed a motion to dismiss on the ground that this action was barred by the doctrines of res judicata and collateral estoppel, specifically noting the prior state court litigation which involved the same parties and the same cause of action. The district court essentially agreed with appellees and held that the Sec. 1983 claim could have been brought in the prior state court proceeding and that the prior state court action and the present Sec. 1983 action raised different theories of recovery for the same claim. Cimasi II, slip op. at 3-4.
 
 
 6
 For reversal appellants argue that the district court erred in dismissing the Sec. 1983 action because the rule that res judicata will bar relitigation of issues which could have been raised in the prior state court proceeding does not apply where the prior state court action was a declaratory judgment action. As was noted by the district court, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School District Board of Education, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Thus, the district court must apply Missouri state preclusion law to the present case.
 
 
 7
 Missouri case law recognizes an exception to the general rule of res judicata for declaratory judgments. See, e.g., Farley v. Missouri Department of Natural Resources, 592 S.W.2d 539, 540-41 (Mo.Ct.App.1979). In Farley supplementary relief was sought in state court following a state court declaratory judgment and the court held that "the effect of a prior declaratory judgment, although conclusive as to matters declared, is not to merge in the judgment a subsequent claim for coercive relief arising out of the same cause of action." Id. at 541. Cf. Tolbert v. County of Nelson, 527 F.Supp. 836, 840-43 & nn. 5 & 6 (W.D.Va.1981) (declaratory judgment exception to general rule of res judicata only applies where declaratory judgment plaintiff seeks supplementary relief in the forum in which the declaratory judgment was obtained).
 
 
 8
 It is not entirely clear to us from the memorandum opinion whether the district court decided that the Missouri declaratory judgment exception did not apply because appellants sought supplementary relief in federal district court, a forum other than the forum in which the declaratory judgment was obtained. The memorandum opinion cites both Missouri cases and Eighth Circuit opinions.
 
 
 9
 Accordingly, we vacate the order of the district court and remand the case for further findings.
 
 
 10
 JOHN R. GIBSON, Circuit Judge, dissenting.
 
 
 11
 I respectfully dissent. It is true that the district court did not specifically address the question whether the declaratory judgment exception to the general rule of res judicata applies in this case. In my view, however, judicial economy suggests that we decide this question of law rather than remand it to the district court with the probability that the case again will come before us. If findings of fact were involved, different considerations would apply. Determination of legal questions, however, is within our purview.
 
 
 12
 In my view, Farley v. Missouri Department of Natural Resources, 592 S.W.2d 539 (1979), does not bar application of res judicata in this case. The exception established in Farley rests on reasoning offered in the Restatement (Second) of Judgments, Sec. 76 (Tent. Draft No. 3, 1976), that an action for declaratory relief is not a suit against a party, but merely a request for a "judicial declaration as to the existence and nature of a relation" between the parties. Id. The Restatement, however, limits application of the exception to cases in which "a plaintiff seeks solely declaratory relief," id, since only then is the action not directed against the party. In the earlier action, Cimasi did not seek solely declaratory relief. He also sought injunctive relief which was obtained in the circuit court and reversed in the court of appeals. Thus, he already had sought affirmative relief through a coercive remedy directed against the opposing party.
 
 
 13
 Federal courts must apply state rules of res judicata in determining the effect of state court judgments. Migra, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); Kremer v. Chemical Construction Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); accord Brown v. St. Louis Police Department, 691 F.2d 393, 395 (8th Cir.1982). We have not hesitated to apply res judicata in similar cases where a party fails to recover under one theory and attempts to relitigate the same claim under a different theory of recovery. Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir.1982); Brown, 691 F.2d at 396.
 
 
 14
 The declaratory judgment exception to the doctrine of res judicata is limited to cases in which only declaratory relief, and not additional affirmative relief, is sought. This rule makes sense and it is one that I believe the Missouri courts would accept. Since in the earlier action Cimasi sought declaratory and injunctive relief, res judicata should operate to bar the present action.
 
 
 15
 I would affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri