

# In the Missouri Court of Appeals
# Eastern District

## WRIT DIVISION SEVEN

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL K2W PRECISION, INC., D/B/A KEIZER ALUMINUM WHEELS, INC., RELATOR, | ) ) ) ) | No. ED111117<br><br>Writ of Prohibition |
| vs. | ) ) ) | JEFFERSON COUNTY CIRCUIT COURT<br>Cause No. 20JE-CC00551 |
| THE HONORABLE JOSEPH A. RATHERT, JUDGE OF THE MISSOURI CIRCUIT COURT, TWENTY-THIRD JUDICIAL CIRCUIT (JEFFERSON COUNTY), RESPONDENT. | ) ) ) ) ) ) | Filed:  December 6, 2022 |

### Introduction

Relator K2W Precision, Inc., d/b/a Keizer Aluminum Wheels, Inc. ("K2W" or "Relator") filed a petition for a Writ of Prohibition or Mandamus to require Respondent Honorable Joseph A. Rathert ("Respondent") to dismiss all claims in the lawsuit filed by Plaintiff Bradley J. Loyet ("Plaintiff") in the Circuit Court for Jefferson County, Missouri. We will proceed on Relator's writ as one in prohibition. *See State ex rel. Lehmann v. Fox C-6 Sch. Dist.*, 565 S.W.3d 202, 205 (Mo. App. E.D. 2018).

We quash our Preliminary Order in Prohibition as to the motion to dismiss. We find Respondent did not err in denying Relator's motion to dismiss because the trial court had personal jurisdiction over Relator.

We make our Preliminary Order in Prohibition permanent as to the motion for summary judgment because the doctrine of *res judicata* or claim preclusion bars Plaintiff's action.

## Factual and Procedural History

Plaintiff claims on or about February 6, 2018, he suffered an injury when an aluminum wheel, designed and manufactured by Relator, failed while he was airing a racing tire. On November 21, 2018, Plaintiff sued Relator, Mercy Hospital South, West County Radiological Group, Inc., and Signature Medical Group, Inc. in the Circuit Court of Jefferson County, Missouri ("*Loyet I*"). In *Loyet I*, as to Relator, Plaintiff brought claims of strict liability, strict liability failure to warn, and negligence. After Relator removed *Loyet I* to the United States District Court for the Eastern District of Missouri, Plaintiff voluntarily dismissed *Loyet I*. Loyet then re-filed his lawsuit in the Circuit Court for Jefferson County, Missouri and again named Relator as a defendant, along with Liebovich Brothers, Inc., and Loyet Landscape Maintenance Inc. ("*Loyet II*").

On the same day Plaintiff filed *Loyet II*, he also filed an almost identical lawsuit in Iowa state court, naming the same defendants — Relator, Liebovich Brothers, Inc., and Loyet Landscape Maintenance, Inc. ("*Loyet III*"). *Loyet III* included identical claims of strict liability and negligence against K2W as in *Loyet II*.

On December 9, 2020, Relator filed a motion to dismiss the claims brought against it in *Loyet II* in Missouri for lack of personal jurisdiction. On April 12, 2021, Respondent denied the motion to dismiss.

In November of 2021, Plaintiff voluntarily dismissed *Loyet III* in the trial court and filed a motion to dismiss Relator's appeal, arguing the dismissal of *Loyet III* rendered the appeal moot. Relator filed an opposition brief to Plaintiff's motion to dismiss Relator's appeal given

Plaintiff dismissing *Loyet III*. Relator sought to have the dismissal of *Loyet III* declared a second voluntary dismissal under Iowa Civil Procedure Rule 1.943 and be treated as a dismissal with prejudice. On December 13, 2021, the Iowa Supreme Court granted the motion to dismiss and declared the dismissal of *Loyet III* a second voluntary dismissal. Plaintiff then moved the Iowa Supreme Court to amend its December 13, 2021 Order dismissing the appeal, or in the alternative, to vacate the Order. Plaintiff requested the Supreme Court to include the language of "interests of justice" so the dismissal would be without prejudice. The Iowa Supreme Court denied Plaintiff's motions.

On February 22, 2022, Relator moved for summary judgment, arguing the doctrine of *res judicata* precludes Plaintiff from proceeding against K2W. On August 26, 2022, Respondent denied Relator's motion for summary judgment. Relator petitioned this Court to issue a Preliminary Order in Prohibition or Mandamus and then make permanent said Writ commanding Respondent to dismiss all claims against Relator with prejudice. This court issued a preliminary order in prohibition. Respondent filed an answer and suggestions in opposition. We now dispense with further briefing and oral argument under Rule 84.24(i).

**Standard of Review**

"The standard of review of the grant or denial of summary judgment is *de novo*." *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 324 (Mo. banc 2016) (citing *ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). "This Court seldom grants a writ to compel the grant of a motion for summary judgment, but a 'writ of prohibition is appropriate in the context of summary judgment to prevent unnecessary, inconvenient and expensive litigation.'" *Id.* (quoting *State ex rel. City of Blue Springs v. Nixon*, 250 S.W.3d 365, 369 (Mo. banc 2008)). Specifically, "[p]rohibition is appropriate in a case

where summary judgment was sought and denied in the trial court on grounds of *res judicata*." *State ex rel. Liberty Mut. Ins. Co. v. Gum*, 904 S.W.2d 447, 451 (Mo. App. W.D. 1995) (citing *State ex rel. Hamilton v. Dalton*, 652 S.W.2d 237, 239 (Mo. App. E.D. 1983)). "The relator, however, must establish that respondent judge will usurp jurisdiction in overruling the motion for summary judgment." *Id.* (citing *Dalton*, 652 S.W.2d at 239).

## Discussion

As a preliminary matter and contrary to Relator's argument, the trial court had personal jurisdiction over Relator because Relator's actions created sufficient minimum contacts with Missouri. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S.Ct. 1017, 1028–29 (2021); *see also Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 229 (Mo. banc 2015). Thus, this Court concludes a writ would be inappropriate to direct Respondent to grant Relator's motion to dismiss for lack of personal jurisdiction.

The remaining issue before this Court is whether the doctrine of *res judicata* bars Plaintiff's claim in *Loyet II*. Relator argues Respondent acted beyond his jurisdiction and authority in denying its motion for summary judgment based on the doctrine of *res judicata*. Relator argues the Iowa Supreme Court, in *Loyet III*, entered a prior judgment in granting Plaintiff's motion to dismiss its petition and denying Plaintiff's motion to amend or vacate the Iowa Supreme Court's December 13, 2021 Order. Relator argues because the dismissal of *Loyet III* was with prejudice, it was a final adjudication of the matter on the merits under Iowa law. Relator argues *Loyet II* and *Loyet III* involve the same cause of action and the same parties. Thus, Relator argues the three prongs of the *res judicata* standard are met.

Respondent argues *res judicata* does not apply because there is no judgment on the merits from Iowa. Respondent argues the order entered by the Iowa Court was silent on whether it was

4

with or without prejudice and under Missouri law, such a vague order is deemed to be a dismissal without prejudice. Respondent argues Missouri law does not give multiple dismissals without prejudice a preclusive effect on the merits of the litigation. Respondent also argues the abatement doctrine is fatal to Relator's argument because the Missouri case was filed first, and the two actions are identical. Respondent argues because the Missouri court had exclusive jurisdiction due to the abatement doctrine, the Iowa case had to be dismissed without prejudice, as the Iowa Court did.

We must determine the preclusive effect to be given to the disposition of earlier litigation brought in the Iowa state court. Our analysis is governed by Iowa law because "[t]he preclusive effect of a judgment is generally determined by laws of the jurisdiction in which the judgment was rendered." *Bell v. Curators of Univ. of Mo.*, 621 S.W.3d 179, 184 (Mo. App. W.D. 2021) (citing *State ex rel. Greitens v. Am. Tobacco Co.*, 509 S.W.3d 726, 734 (Mo. banc 2017)). "[T]o determine the scope of *res judicata* in a particular jurisdiction, 'it is essential to consult the relevant statutes and rules of court in that jurisdiction.'" *Andes v. Paden, Welch, Martin & Albano, P.C.*, 897 S.W.2d 19, 22 (Mo. App. W.D. 1995) (quoting *Muza v. Mo. Dep't of Soc. Servs.*, 769 S.W.2d 168, 175 (Mo. App. W.D. 1989)).

The Iowa Supreme Court explains these three elements must be met to invoke the doctrine of *res judicata* or claim preclusion: "(1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action)." *Pavone v. Kirke*, 807 N.W.2d 828, 836 (Iowa 2011) (citing *Arenvik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002)).

The only issue in dispute is whether the disposition of *Loyet III* constituted a final judgment on the merits.[1] Under Iowa law, a voluntary dismissal is self-executing "at any time up until ten days before the trial is scheduled to begin." Iowa Code § 1.943 (2002). Thereafter, voluntary dismissal requires court approval. *Id.* Iowa Rule of Civil Procedure 1.943 also provides:

> A dismissal under this rule shall be without prejudice, unless otherwise stated; *but if made by any party who has previously dismissed an action against the same defendant, in any court of any state or of the United States, including or based on the same cause, such dismissal shall operate as an adjudication against that party on the merits, unless otherwise ordered by the court, in the interests of justice.*

(Emphasis added).

Once filed, the court may not "enter a subsequent order determining in the interest of justice that the dismissal would not constitute an adjudication against [the parties] on the merits." *ACC Holdings, LLC v. Rooney*, 973 N.W.2d 851, 854 (Iowa 2022) (quoting *Smith v. Lally*, 379 N.W.2d 914, 916 (Iowa 1986)). "Such a determination could only be made before or contemporaneously with the dismissal." *Id.*

Plaintiff's voluntary dismissal was effective upon filing. Iowa Code § 1.943. As concluded by the Iowa courts, Plaintiff could not thereafter request the Iowa Supreme Court to subsequently order the dismissal an adjudication not on the merits "in the interest of justice." *Rooney*, 973 N.W.2d at 854. Because Plaintiff previously dismissed *Loyet I* against the same defendant, Relator, based on the same cause, then voluntarily dismissed *Loyet III*, with no order from the court determining "in the interests of justice" the dismissal was without prejudice,

---

[1] In Plaintiff's Response to Defendant Keizer Aluminum Wheels' Motion for Summary Judgment, Plaintiff admits the parties and claims in *Loyet II* and *Loyet III* are the same. Plaintiff also admits *Loyet I*, *Loyet II*, and *Loyet III* all arise out of the same fact pattern.

6

Plaintiff's second voluntary dismissal of *Loyet III* "operate[d] as an adjudication . . . on the merits" resulting in a dismissal with prejudice. Iowa Code § 1.943; *see also Rooney*, 973 N.W.2d at 855. Moreover, such a conclusion was already reached by the Iowa Supreme Court and this Court "is compelled to give full faith and credit to a judgment of another state unless the judgment of the rendering state is void for lack of jurisdiction over the person or subject matter, or is obtained by fraud." *Gletzer v. Harris*, 159 S.W.3d 462, 465 (Mo. App. E.D. 2005).

Respondent incorrectly argues the abatement doctrine prevents the application of the doctrine of *res judicata*. "Abatement applies only to intrastate litigation 'and has not been extended by the Missouri courts to include pending actions in foreign jurisdictions.'" *Shelter Mut. Ins. Co. v. Marquis*, 110 S.W.3d 839, 841 (Mo. App. E.D. 2003) (quoting *Linn v. Moffitt*, 73 S.W.3d 629, 636 (Mo. App. E.D. 2002)). Here, because the actions were brought in different states — *Loyet II* in Missouri and *Loyet III* in Iowa — the application of the abatement doctrine is barred. *Id.*

For the reasons discussed above, Plaintiff's claim in *Loyet II* is barred under the doctrine of *res judicata*. *Pavone*, 807 N.W.2d at 836. Respondent erred in not granting Relator's motion for summary judgment. We appreciate the harshness of our ruling. Plaintiff has lost the opportunity to pursue his claim against K2W. The outcome is mandated by the unique and regrettable circumstances before us coupled with well settled and clear law. *Bell*, 621 S.W.3d at 187–88.

**Conclusion**

This Court makes the Preliminary Order in Prohibition permanent as to the motion for summary judgment and directs Respondent to grant Relator's motion for summary judgment based on *res judicata*.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr. and
Robert M. Clayton III, J. concur.